UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEN O'CONNOR, | No. 2:20-cv-0135 CKD P |
| Plaintiff, | |
| v. | ORDER |
| J. HOOKS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C § 12111 et seq. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff has filed a motion for leave to amend. That motion will be granted. Therefore, the court screens plaintiff's amended complaint. Having reviewed plaintiff's amended complaint, the court finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

As for plaintiff's ADA claim, plaintiff is informed as follows:

1. Plaintiff cannot bring an ADA action against individuals. The proper defendant in such actions is the public entity responsible for the alleged discrimination. U.S. v. Georgia, 546 U.S. 151, 153 (2006). State correctional facilities are "public entities" within the meaning of the ADA. See 42 U.S.C. § 12131(1)(A) & (B); PA Dep't of Corrs. v. Yeskey, 524 U.S. 206, 210 (1998). A proper defendant for plaintiff's ADA claim would be the California Department of Corrections and Rehabilitation.

2. Plaintiff asserts he was denied access to a shower, but plaintiff does not indicate for how long. In his amended complaint, plaintiff should indicate how long he was denied access to a shower in violation of the ADA.

3. In order to state a claim under Title II of the ADA, plaintiff must allege facts demonstrating intentional discrimination. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). At a minimum, the facts alleged must amount to deliberate indifference, "which requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139. Plaintiff must both "identify 'specific reasonable' and 'necessary' accommodations that the state failed to provide" and assert facts showing that defendant's failure to act was "a result of conduct that is more than negligent, and involves an element of deliberateness." Id. at 1140.

As for plaintiff's Eight Amendment claims, again, plaintiff must assert facts indicating he was denied the ability to shower and for how long. More generally, plaintiff must point to facts demonstrating his inability to shower amounts to cruel and unusual punishment, not just inconvenience. Also, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). Plaintiff must clearly identify the connection. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No.7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion for leave to file an amended complaint (ECF No. 5) is granted.

4. Plaintiff's complaint (ECF No. 1) and amended complaint (ECF No. 9) are dismissed.

5. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, this order and the Local Rules of Practice. The second amended complaint

/////
/////
/////

must bear the docket number assigned this case and must be labeled "second Amended Complaint." Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: March 20, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ocon0135.14