UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR, | No. 2:20-cv-0135 CKD P |
| Plaintiff, | |
| v. | ORDER |
| J. HOOKS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff's second amended complaint is before the court for screening under 28 U.S.C. § 1915A(a). The court has conducted the required screening and finds that plaintiff may proceed on a claim against defendant California Department of Corrections and Rehabilitation arising under Title II of the Americans with Disabilities Act (ADA).

As for plaintiff's claims against Warden Perry, plaintiff has not adequately alleged that she had actual knowledge of plaintiff's mobility problems which would be required to proceed on a claim arising under the Eighth Amendment based upon conditions of confinement presenting a substantial risk of serious physical harm. Furthermore, plaintiff's allegations that he was injured as a result of Perry's improper training or supervision are conclusory.

As for defendants Hooks and Ashmore, plaintiff asserts that they failed to provide a safe place for plaintiff to shower for 10 days. Even assuming denial of a shower for a period of 10

1

1  days can amount to a violation of the Eighth Amendment, plaintiff fails to point to facts
2  indicating that either defendant Hooks or Ashmore had the ability to provide plaintiff access to a
3  shower other than the shower plaintiff alleges was not safe for him.   The fact that the only
4  shower which plaintiff could access was not safe amounts to a claim upon which plaintiff can
5  proceed under the ADA.  If there was no other shower, it is not clear how the conduct of
6  defendants Hooks or Ashmore violated plaintiff's rights.
7       At this point, plaintiff has two options:  1) he may proceed on the ADA claim described
8  above; or 2) make an attempt to cure the deficiencies in his second amended complaint with
9  respect to the other defendants and claims in a third amended complaint.  Absent extraordinary
10 circumstances this will be plaintiff's final opportunity to amend.
11      Plaintiff is reminded that if he elects to amend, the court cannot refer to a prior pleading in
12 order to make the third amended complaint complete.  Local Rule 220 requires that an amended
13 complaint be complete in itself without reference to any prior pleading. This is because, as a
14 general rule, an any amended complaint supersedes all other pleadings.  See Loux v. Rhay, 375
15 F.2d 55, 57 (9th Cir. 1967).
16      Finally, on May 18, 2020, plaintiff filed a document the court construes as a motion for
17 reconsideration of the denial of plaintiff's motion for the appointment of counsel.  A court may
18 reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b).  See Sch. Dist.
19 Number. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993).
20 "Reconsideration is appropriate if the district court (1) is presented with newly discovered
21 evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is
22 an intervening change in controlling law." Id. at 1263.  The court has not been presented with
23 new evidence, there has been no change in the law, the court did not commit clear error and the
24 court's decision to deny appointment of counsel is not manifestly unjust.  Accordingly, plaintiff's
25 motion for reconsideration will be denied.
26      In accordance with the above, IT IS HEREBY ORDERED that:
27      1. Plaintiff is granted 21 days within which to complete and return the attached form
28 notifying the court whether he wants to proceed on a claim arising under Title II of the Americans

2

1  with Disabilities Act against the California Department of Corrections and Rehabilitation or
2  whether he wishes to file a third amended complaint in an attempt to cure the deficiencies in his
3  second amended complaint. If plaintiff does not return the form, this action will proceed on the
4  claim described above.

    2. Plaintiff's motion for reconsideration (ECF No. 17) is denied.

Dated: October 27, 2020

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ocon0135.op

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR,<br><br>          Plaintiff,<br><br>     v.<br><br>J. HOOKS, et al.,<br><br>          Defendants. | No. 2:20-cv-1531 CKD P<br><br><u>PLAINTIFF'S NOTICE OF</u><br><br><u>HOW TO PROCEED</u> |

Check **one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on a claim arising under Title II of the Americans with Disabilities Act against the California Department of Corrections and Rehabilitation.

\_\_\_\_\_ Plaintiff wants time to file a Third Amended Complaint.

DATED:

_____
Plaintiff

4